UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHEIK STANTON MARK MOORE-EL, )
a/k/a MARK S. MOORE, )
 )
         Plaintiff, )
 )
    v. ) No. 4:08-CV-378-TIA
 )
DOUGLAS A. WOSHAM, et al., )
 )
         Defendants. )

### ORDER AND MEMORANDUM

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.[1]

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

---

[1]On July 23, 2008, plaintiff paid the $350 filing fee.

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb-1 to 2000bb-4. The named defendants are Missouri Department of Corrections employees Douglas A. Wosham, Larry Crawford, Patricia Cornell, Jim Purkett, Omer L. Clark, J. Dickerson, and "all other unknown named defendants who are agents of the Defendants in their official capacity."

Plaintiff alleges that in 1996, the St. Louis Circuit Court for the City of St. Louis granted his "application to change [his] name reflected in the Court file" and amended the style of the case pending in that Court to "State of Missouri v. Sheik Mark Stanton Moore-El." Plaintiff claims that, in spite of the said Court action in 1996, defendants are following prison procedure "D5-1.1 Offender Identification" by "us[ing] only plaintiff['s] birth name as the original committed name and us[ing] plaintiff['s]

legally changed name as aka."[2]  In addition, plaintiff alleges that he is being denied his constitutional right to practice his religion, "Ancient Canaanite Temple/Moorish Divine and National Movement."  Plaintiff claims that he was told he must practice this religion through "'another and different Muslim Islamic or Moorish Religio[n]' already allowed to practice during their specified time allotted to exercise their particular religion, at the ERDCC or SECC facilities."

**Discussion**

**A.  Section 1983 claims**

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations relative to the prison's practice of referring to him as "Mark S. Moore a/k/a Sheik Mark Stanton Moore- El," rather than "Sheik Mark Stanton Moore-El a/k/a Mark S. Moore," simply do not rise to the level of a constitutional violation and wholly fail to state a claim or cause of action cognizable under § 1983.

With regard to plaintiff's allegations concerning the practice of his Ancient Canaanite Moorish religion, the Court notes that plaintiff is suing defendants in their official capacity. Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  To state a claim against a

---

[2]Pursuant to Exhibit C, attached to the complaint, "When an institution receives appropriate court documentation of a legal name change: a.  the department shall show the new name of an offender as an a/k/a name on files and in computer records."

3

public entity or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The complaint does not set forth any allegations that a governmental policy or custom was responsible for the alleged constitutional violations concerning the practice of plaintiff's religion. As a result, plaintiff has failed to state a claim or cause of action under 42 U.S.C. § 1983 and dismissal of these claims under 28 U.S.C. § 1915(e)(2)(B) is warranted.

**B. Religious Freedom Restoration Act ("RFRA") claims**

Plaintiff's claims under the RFRA are legally frivolous, because the Supreme Court has held that the said Act is unconstitutional as applied to the states and localities. See City of Boerne v. Flores, 521 U.S. 507, 519-20, 533-36 (1997); Williams v. Norris, 11 Fed. Appx. 656, 657 (8th Cir. 2001)(state prisoner "may no longer look to RFRA in free exercise claims, as RFRA has been declared unconstitutional.")

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of July, 2008.


                        /s/ Jean C. Hamilton
                 **UNITED STATES DISTRICT JUDGE**